UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| In re: | Case No. 8:11-bk-22258-MGW |
| | Chapter 7 |
| Fundamental Long Term Care, Inc., | |
|     Debtor. | |
| _____/ | |
| Beth Ann Scharrer, Chapter 7 Trustee, and Trans Health Management, Inc., | Adv. No. 8:13-ap-00155-MGW |
|     Plaintiffs, | |
| v. | |
| THI Holdings, LLC, | |
|     Defendant. | |
| _____/ | |

**ORDER AND MEMONRANDUM OPINION**
**DENYING DEFENDANT'S MOTION TO DISMISS**

      THI Holdings agreed to indemnify the Debtor and Trans Health Management, Inc. ("THMI") for any losses relating to nursing home facilities operated by Trans Health, Inc. ("THI") and its subsidiaries other than THMI. According to the amended complaint in this proceeding, THI operated six nursing homes using THMI's assets; THI and THMI were sued for wrongful death relating to alleged negligence at those six nursing homes; THMI demanded indemnification from THI with respect to two of those cases; THI assumed THMI's defense in all six wrongful death cases under the same indemnity agreement involved here; and THI repeatedly represented to various courts

(including this one) that it was obligated to indemnify THMI. The Court must decide whether those facts are sufficient to state claims for declaratory judgment and breach of the indemnity agreement.

The Court concludes they are. In order to survive a motion to dismiss, the Trustee need only plead enough facts to nudge her claims from the realm of conceivable to plausible. And the facts alleged in the complaint—which the Court must assume are true—make the Trustee's claims under the indemnity agreement plausible on their face. While THI Holdings raises convincing arguments why it cannot be liable under the indemnity agreement, those arguments are better suited for summary judgment. Accordingly, the Court will deny THI Holdings' motion to dismiss.

**Background**

The Court is no stranger to the background of this dispute. The Court has issued two memorandum opinions setting forth that background in some detail.[1] Of course, in ruling on a motion to dismiss, the Court is generally limited to the facts alleged in the four corners of the complaint.[2] So the Court will lay out the background of this dispute as it is alleged in the amended complaint and assume—as it must—that the facts alleged in the complaint are true.

---

[1] *In re Fundamental Long Term Care, Inc.*, 489 B.R. 451, 456-60 (Bankr. M.D. Fla. 2013); *In re Fundamental Long Term Care, Inc.*, 2012 WL 4815321, at *1-2 (Bankr. M.D. Fla. Oct. 9, 2012).

[2] The Eleventh Circuit has recognized, however, that courts are not always limited to the four corners of the complaint in ruling on a Rule 12(b)(6) motion. *See Long v. Slaton*, 508 F.3d 576, 578 n.3 (11th Cir. 2007) (noting that the court is not always limited to the four corners of the complaint at the Rule 12(b)(6) stage); *see also Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) (noting that "courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice").

Before March 2006, THI Holdings owned all of the shares of stock in THI.[3] THI owned a number of subsidiaries that operated nursing homes throughout the United States. THMI was a wholly owned subsidiary of THI. In March 2006, THI sold all of its stock in THMI to the Debtor in this case.[4]

THI Holdings and THI agree to indemnify
the Debtor and THMI for certain losses

The stock purchase agreement between THI and the Debtor contained an indemnity provision.[5] That indemnity provision specifically provided that THI Holdings and THI would indemnify the Debtor and THMI for any losses relating to any nursing homes operated by THI or any of its subsidiaries other than THMI:

> [THI Holdings] and [THI] shall jointly and severally indemnify [the Debtor] and the [Debtor's] respective Affiliates, successors and assigns . . . (collectively the "Buyer Indemnified Parties") and hold such Persons harmless from and against (A) any and all Losses which such Buyer Indemnified Party suffers to the extent that such Loss relates to one or more facilities operated by THI and/or its Subsidiaries (the "THI Facilities") (*it being understood that Trans Health Management, Inc., a Delaware corporation ("THM") shall be deemed not have "operated" facilities for the purposes of determining what facilities are "THI Facilities"*) . . . .[6]

The stock purchase agreement also obligated THI Holdings and THI to indemnify the Debtor and THMI against any actions that do—or potentially could result—in a loss,

---

[3] Doc. No. 25 at ¶ 9.

[4] *Id.* at ¶ 12.

[5] Doc. No. 25-1 at ¶ 6(c)(iii) (emphasis added).

[6] *Id.*

subject to the same caveat (i.e., the loss has to relate to a facility operated by THI or one of its subsidiaries other than THMI).[7]

### THI and THMI get sued for wrongful death at an alleged THI facility

Beginning in 2004, a series of six wrongful death actions were filed against THI and THMI.[8] In each of those cases, the plaintiff alleged that THI operated the facility where the alleged negligence occurred.[9] In two of the cases, THMI specifically demanded that THI indemnify it under the indemnification provision in the stock purchase agreement.[10] THI (and later its state-court receiver), in fact, assumed THMI's defense in each of the six wrongful death cases.[11] THI and THMI were each defaulted in the wrongful death cases, so the allegations that THI operated the respective nursing home were deemed to be admitted.[12]

Ultimately, plaintiffs in three of the wrongful death cases obtained judgments against THI and THMI after counsel for THI and THMI withdrew from representing them.[13] The judgments in those cases total approximately $1.2 billion dollars.[14] In one of those three cases, the plaintiff initiated proceedings supplementary against the Debtor

---

[7] *Id.* at ¶ 6(c)(vi).

[8] Doc. No. 25 at ¶¶ 32-105.

[9] *Id.* at ¶¶ 24, 37, 59, 60, 67, 68, 82, 83, 90 & 91.

[10] *Id.* at ¶¶ 57 & 65.

[11] *Id.* at ¶¶ 39, 62, 70, 85, 93, 99, 106 & 108.

[12] *Id.* at ¶¶ 44, 75, 86, 94 & 102.

[13] *Id.* at ¶¶ 46, 77 & 103.

[14] *Id.*

(and others) and obtained a $110 million judgment against it.[15] The remaining three cases are still pending.

The Trustee demands indemnification from THI Holdings

On February 1, 2013, the Trustee demanded that THI Holdings and THI indemnify the Debtor and THMI.[16] Specifically, the Trustee demanded that THI Holdings and THI permit the Debtor and THMI (i) to retain their own counsel at THI Holdings' and THI's expense; and (ii) control the defense of the various wrongful death cases.[17] Both THI Holdings and THI denied any obligation under the indemnification agreement.[18]

So the Trustee initiated this adversary proceeding.[19] In Count I of her amended complaint, the Trustee seeks a declaration that she is permitted to retain counsel to defend the Debtor and THMI at THI Holdings' expense and that THI Holdings is obligated to indemnify the Debtor and THMI for any loss incurred in the wrongful death cases.[20] In Counts II and III, the Trustee seeks damages from THI Holdings for allegedly breaching its duty to defend and indemnify the Debtor and THMI.[21] In Count IV, the Trustee seeks

---

[15] *Id.* at ¶ 53.

[16] *Id.* at ¶ 117.

[17] *Id.* at ¶ 118.

[18] *Id.* at ¶ 119.

[19] Both the Trustee and THMI are named as plaintiffs in this proceeding. The Court previously ruled that the Trustee had the right to control THMI. For ease of reference, the Court will refer to the Trustee as the plaintiff.

[20] *Id.* at ¶ 121-32.

[21] *Id.* at ¶ 133-54.

damages based on THI Holdings' alleged failure to make certain books and records available to the Debtor and THMI under the indemnification agreement.[22]

<u>THI Holdings moves to dismiss the Trustee's complaint</u>

THI Holdings asks this Court to dismiss the Trustee's amended complaint.[23] THI Holdings does not dispute that it agreed to indemnify the Debtor and THMI for losses relating to a nursing home operated by THI or one of its subsidiaries other than THMI.[24] But according to THI Holdings, it has no duty to indemnify or defend the Debtor and THMI—under the plain language of the indemnity agreement—unless THI or one of its subsidiaries (other than THMI) operated the nursing home.[25] And THI Holdings says that the Trustee's amended complaint is completely devoid of any allegation that THI or one of its subsidiaries other than THMI operated the nursing homes involved in the wrongful death cases.[26]

### Conclusions of Law[27]

In support of its motion to dismiss, THI Holdings principally relies on two cases: *Underwriters at Interest Subscribing v. Seaboard Marine, Ltd.*[28] and *Signature Flight*

---

[22] *Id.* at ¶ 155-63

[23] Doc. No. 28.

[24] *Id.* at ¶ 2-3.

[25] *Id.* at ¶ 3.

[26] *Id.* at ¶ 3-4.

[27] The Court has jurisdiction over this contested matter under 28 U.S.C. § 1334. THI Holdings, however, denies this is a core proceeding and does not consent to the Court's entry of a final judgment in this proceeding.

[28] 2009 WL 928719, at *6 (S.D. Fla. Apr. 3, 2009).

*Support Corp. v. American Trans Air, Inc.*[29] The court in both of those cases—which involved indemnity agreements—dismissed declaratory judgment and breach of contract claims because the plaintiff failed to plead sufficient facts triggering the defendant's alleged duty to indemnify.[30] The Court agrees that the Trustee—under *Seaboard Marine* and *Signature Flight*—is required to plead facts triggering THI Holdings' duty to indemnify and defend the Debtor and THMI.

The Court, however, disagrees with THI Holdings' claim that the Trustee has not met that burden here. THI Holdings concedes that indemnification (and a duty to defend) would be available if the nursing homes at issue were operated by THI. But it says the Trustee has failed to—and, in fact, cannot—specifically allege that THI operated the nursing homes at issue. THI's argument misunderstands the Trustee's pleading burden.

It is true, as this Court explained in *In re Ernie Haire Ford*,[31] that plaintiffs face a stricter pleading requirement after the Supreme Court's decisions in *Bell Atlantic Corp. v. Twombly*[32] and *Ashcroft v. Iqbal*.[33] Before *Twombly* and *Iqbal*, courts refused to grant a motion to dismiss unless it appeared beyond doubt that the plaintiff could prove no set of

---

[29] 2010 WL 883643, at *3-4 (M.D. Fla. Mar. 5, 2010).

[30] *Seaboard Marine*, 2009 WL 928719, at *6; *Signature Flight*, 2010 WL 883643, at *3-4.

[31] *Roberts v. Balasco (In re Ernie Haire Ford, Inc.)*, 459 B.R. 824, 835 (Bankr. M.D. Fla. 2011).

[32] 550 U.S. 544 (2007)

[33] 556 U.S. 662 (2009).

facts in support of his or her claim that would entitle him to relief.[34] But the Supreme Court's decisions in *Twombly* and *Iqbal* retired the "no-set-of-facts" test.[35]

Now, under *Twombly* and *Iqbal*, a plaintiff must allege enough facts to make his or her claim for relief "plausible on its face."[36] In setting plausibility as the standard, the Supreme Court recognized there was a whole spectrum of a claim's potential for success. At one end of the spectrum was "possible," and at the other end was "probable," with plausible in the middle.[37] The Supreme Court determined that, on the one hand, a plaintiff is not required to show probability.[38] But, on the other hand, the plaintiff must do more than raise a sheer possibility of the defendant's liability.[39] In the end, the plaintiff must allege enough facts to nudge the claim for relief from the realm of conceivable to plausible.[40]

In her initial complaint, which the Court dismissed without prejudice, the Trustee only alleged, at best, a sheer possibility of liability under the indemnification provision. The only allegations in the Trustee's initial complaint were that THMI demanded indemnification from THI Holdings and that THI Holdings funded THMI's defense in the

---

[34] *Midnight Pass Soc'y v. Florida Dep't of Envtl. Protection*, 2013 WL 1245987, at *9 n.8 (M.D. Fla. Mar. 26, 2013).

[35] *Id.*

[36] *Ernie Haire Ford*, 459 B.R. at 835 (citing *Twombly*, 550 U.S. at 570).

[37] *Id.*

[38] *Id.*

[39] *Id.*

[40] *Id.*

wrongful death cases. The complaint was completely devoid of any allegation that THI or one of its subsidiaries other than THMI operated any of the nursing homes involved in the wrongful death cases. But, in her amended complaint, the Trustee has alleged enough additional facts to nudge her claims from the realm of conceivable to plausible.

According to the amended complaint, THI controlled THMI's operations before March 2006, and it continued to retain control of THMI's assets and control its operations after it was sold to the Debtor.[41] Based on THI's control of those assets (and the companies' interrelated operations), the Trustee claims THI operated the nursing homes at issue. When the plaintiffs in the wrongful death cases sued THI and THMI, they alleged that THI operated the nursing homes at issue. In response to two of those lawsuits, THMI sought indemnification from THI. And THI assumed THMI's defense in those two cases (and the remaining four) based on the same indemnification agreement that is the subject of this case (which requires that THI or one of its subsidiaries other than THMI to have operated the nursing homes in order to trigger the indemnity provisions). THI (and later its state court receiver) repeatedly represented to the trial courts in the wrongful death cases and this Court during the bankruptcy case that it had an obligation to indemnify THMI under the same agreement the Trustee is suing under here. The Court is obligated to accept those allegations as true in considering THI Holdings' motion to dismiss, and in doing so, the Court concludes the Trustee has alleged a plausible claim under the indemnity agreement.

---

[41] Doc. No. 25 at ¶¶ 10 & 13.

THI Holdings says those facts cannot satisfy the *Twombly* and *Iqbal* "plausibility" standard for a variety of reasons. For instance, THI Holdings says the Trustee is relying on allegations from the complaints in the wrongful death cases that THI operated the nursing homes rather than actually alleging that THI operated the nursing homes in her own complaint here. THI Holdings also says that it is inappropriate for the Trustee to rely on an "alter ego" theory (i.e., that THI controlled THMI's assets) to trigger the indemnity provision, and even if she could, THI would only step into THMI's shoes as a "manager"—not an "operator"—of the nursing homes. But that is not how the Court reads the Trustee's complaint.

For instance, the Trustee does not allege that the THI must have operated the nursing homes because it is THMI's alter ego. She alleges that THI used THMI's assets to operate the nursing homes. And it may well be that THI Holdings is not bound by the admissions (resulting from the defaults by THI and THMI) in the state court cases that THI operated the nursing or by THI's acceptance of the indemnification obligations under the agreement in this case. The Court, however, does not read the complaint to suggest that those admissions or course of conduct—by themselves—make THI Holdings liable under the agreement in this case. The Court reads those facts (i.e., the plaintiffs in the wrongful death cases alleged that THI operated the nursing homes, THI was only obligated to indemnify and defend THMI if it or one of its subsidiaries other than THMI operated the nursing homes, and THI, in fact, defended THMI) as making it plausible that THI operated the nursing home.

In its motion to dismiss, THI Holdings also raises a number of convincing arguments why it ultimately may not be liable under the indemnity agreement. Perhaps, as THI Holdings suggests, the nursing homes were operated by a third party (Lyric). And THMI may have only managed the nursing homes. If that is true, then the fact that THI may have used THMI assets may only mean that THI "managed"—not "operated"—the nursing homes. But those are not the facts in the complaint, and in any event, those arguments are more appropriate for summary judgment.

## Conclusion

At the March 21, 2013 hearing on THI Holdings' motion to dismiss the Trustee's initial complaint, THI Holdings' counsel argued—as it does in its motion to dismiss the Trustee's amended complaint—that there is no coverage under the indemnification agreement if the only connection to the nursing homes at issue is that they were managed by THMI:

> If the only connection to the loss, to the injury action that are part of this case, are the fact that TMI managed the facility. If that's the only connection, and THI had no other connection to it, it's excluded.[42]

Here, the Trustee has alleged that THI did have a connection to the nursing homes at issue other than the fact that they may have been managed by THMI. The Trustee specifically alleges that THI operated—not managed—the nursing homes using THMI's assets. The Trustee also alleges additional facts—THI accepted THMI's specific demand for indemnification in two of the nursing home cases, THI assumed THMI's defense of

---

[42] Doc. No. 28-1 at p. 26, l. 20 – p. 27, l. 4.

the remainder of the nursing home cases under the same indemnification agreement at issue here, and THI repeatedly represented to various courts (including this one) that it was obligated under the agreements—that make it plausible THI operated the nursing homes. For that reason, the Trustee has alleged sufficient facts to survive THI Holdings' motion to dismiss. Accordingly, it is

**ORDERED**:

1. THI Holdings' motion to dismiss[43] is DENIED without prejudice to THI Holdings to raise the legal arguments addressed in its motion to dismiss and supplemental filings[44] on summary judgment.

2. THI shall serve its answer to the Trustee's amended complaint within 20 days of entry of this Order.

**DONE** and **ORDERED** in Chambers at Tampa, Florida, on  June 17, 2013 .

                                         Michael G. Williamson
                                         United States Bankruptcy Judge

Attorney Steven M. Berman is directed to serve a copy of this order on interested parties and file a proof of service within 3 days of entry of the order.

---

[43] Doc. No. 28.

[44] Doc. Nos. 30, 36 & 39.